E-FILED
Monday, 28 March, 2005  12:01:35 PM
Clerk, U.S. District Court, ILCD

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                WESTERN DIVISION AT DAYTON
```

| | | |
|---|---|---|
| WILLETTA E. TAYLOR, Adminis. Of the Estate of Decedent Lloyd E. Taylor | : : : | CASE NO. 3:04CV0216 (Judge Walter H. Rice) |
| Plaintiff v. CARLE FOUNDATION HOSPITAL, et. al., Defendants. | : : : : : | **ANSWER OF DEFENDANTS CARLE FOUNDATION HOSPITAL, STEPHEN H. PACKARD, M.D. AND ROBERT DODSON, M.D. WITH JURY DEMAND ENDORSED HEREON** |

Now come defendants, Carle Foundation Hospital, Stephen H. Packard, M.D. and Robert Dodson, M.D., by and through counsel, and for their answer state:

**FIRST DEFENSE**

1.  The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the complaint.

2.  The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the complaint.

3.  The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 3 of the complaint.

4.  The defendants aver that the complaint speaks for itself in regarding requested relief and damages.

5.  The defendants lack sufficient knowledge regarding whether complete diversity jurisdiction exists in this case as stated in paragraph 5 of the complaint.

6.  The defendants deny they have sufficient minimum contacts with the U.S. District Court for the Southern District of Ohio and that this Court does not have personal jurisdiction over these defendants, as stated in paragraph 6 of the complaint.

7.  The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the complaint.

8.  The defendants admit that Carle Foundation Hospital provides health services. The defendants deny all remaining allegations contained in paragraph 8 of the complaint.

9. The defendants admit that the Defendant, Dr. Stephen H. Packard, was acting within the scope of his employment and/or authority as an orthopedic surgeon but denies the remaining allegations of paragraph 9 of the complaint.

10. The defendants admit that Dr. Robert Dodson was acting within the course and scope of his employment and/or authority as an attending physician but denies the remaining allegations of paragraph 10 of the complaint.

11. The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the complaint.

**FACTS**

12. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 12 of the complaint.

13. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 13 of the complaint.

14. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 14 of the complaint.

15. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 15 of the complaint.

16. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 16 of the complaint.

17. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 17 of the complaint.

18. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 18 of the complaint.

19. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 19 of the complaint.

20. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 20 of the complaint.

21. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 21 of the complaint.

22. The defendants lack sufficient information to admit or deny the allegations contained in paragraph 22 of the complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

23. The defendants admit that decedent Lloyd Taylor presented to the Carle Foundation Hospital Emergency room on June 22, 2003 by air lift by helicopter and that thereafter he became combative, had to be restrained and denies the remaining allegations of paragraph 23 of the complaint.

24. The defendants admit the allegations of paragraph 24 of the complaint.

25. The defendants deny the allegations of paragraph 25 of the complaint.

26. The defendants admit that Mr. Taylor was sedated and efforts were made at resuscitation and denies the remaining allegations of paragraph 26 of the complaint.

27. The defendants admit that a chest x-ray demonstrated Mr. Taylor had multiple rib fractures on the right side and denies the remaining allegations of paragraph 27 of the complaint.

28. The defendants admit that Mr. Taylor was transported from the emergency room to the operating room and admits that resuscitative efforts were ongoing and denies the remaining allegations of paragraph 28 of the complaint.

29. The defendants admit the allegations of paragraph 29 of the complaint.

30. The defendants admit that resuscitative efforts were ongoing while Mr. Taylor was in the operating room and deny the remaining allegations of paragraph 30 of the complaint.

31. The defendants admit the allegations of paragraph 31 of the complaint.

32. The defendants admit that Lloyd Taylor was subsequently pronounced dead on June 23, 2003 and deny the remaining allegations of paragraph 32 of the complaint.

33. The defendants admit the allegations contained in paragraph 33 of the complaint.

34. The defendants admit the allegations contained in paragraph 34 of the complaint.

35. The defendants admit the allegations contained in paragraph 35 of the complaint.

3

36. The defendants deny the allegations contained in paragraph 36 of the complaint.

37. The defendants deny the allegations contained in paragraph 37 of the complaint.

38. The defendants deny that the Exhibit A insurance information imputed knowledge to the defendants as stated in paragraph 38 of the complaint.

39. The defendants deny the allegations contained in paragraph 39 of the complaint.

40. The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 40 of the complaint.

41. The defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 41 of the complaint.

### FIRST CLAIM FOR RELIEF
### UNAUTHORIZED AND UNPRIVILEGED DISCLOSURE
### OF NONPUBLIC MEDICAL INFORMATION

42. The defendants restate all previous answers and statements in response to the re-stated allegations contained in paragraph 42 of the complaint.

43. The defendants lack sufficient knowledge to admit or deny the existence of a valid cause of action under Ohio law as stated in paragraph 43 of the complaint. Further, the defendants deny that Ohio law controls in the above-captioned lawsuit.

44. The defendants deny the allegations contained in paragraph 44 of the complaint.

45. The defendants deny the allegations contained in paragraph 45 of the complaint.

46. The defendants deny the allegations contained in paragraph 46 of the complaint.

47. The defendants lack sufficient knowledge to admit or deny the allegations related to Ms. Goodwin and Ms. Taylor stated in paragraph 47 of the complaint. The defendants deny the allegations related to Mr. Taylor's consent as stated in paragraph 47 of the complaint.

48. The defendants admit decedent Lloyd Taylor required emergency medical care and treatment as stated in paragraph 48 of the

4

complaint. The defendants deny the remaining allegations contained in paragraph 48 of the complaint.

49. The defendants lack sufficient knowledge to admit or deny the status of Ms. Goodwin's relationship with the decedent. The defendants deny the remaining allegations contained in paragraph 49 of the complaint.

50. The defendants deny the allegations contained in paragraph 50 of the complaint.

51. The defendants deny the allegations contained in paragraph 51 of the complaint.

52. The defendants deny the allegations contained in paragraph 52 of the complaint.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

53. The defendants restate all answers and statements in response to the re-stated allegations contained in paragraph 53 of the complaint.

54. The defendants deny the allegations contained in paragraph 54 of the complaint.

55. The defendants deny the allegations contained in paragraph 55 of the complaint.

56. The defendants deny the allegations contained in paragraph 56 of the complaint.

57. The defendants deny the allegations contained in paragraph 57 of the complaint.

58. The defendants deny the allegations contained in paragraph 58 of the complaint.

## THIRD CLAIM FOR RELIEF
## FAILURE TO OBTAIN AND/OR VERIFY THE INFORMED CONSENT

59. The defendants restate all previous answers and denials in response to the re-stated allegations contained in paragraph 59 of the complaint.

60. The defendants deny the allegations contained in paragraph 60 of the complaint.

5

61. The defendants admit that Mr. Taylor was transported from the emergency room to the operating room and admits that resuscitative efforts were ongoing and denies the remaining allegations contained in paragraph 61 of the complaint.

62. The defendants admit that Mr. Taylor was transported from the emergency room to the operating room and admits that resuscitative efforts were ongoing and denies and remaining allegations of paragraph 62 of the complaint.

63. The defendants admit the allegations contained in paragraph 63 of the complaint.

64. The defendants admit that resuscitative efforts were ongoing while Mr. Taylor was in the operating room and deny the remaining allegations of paragraph 64 of the complaint.

65. The defendants deny the allegations contained in paragraph 65 of the complaint.

## FOURTH CAUSE OF ACTION
## ASSAULT AND BATTERY

66. The defendants restate all previous answers and denials in response to the re-stated allegations contained in paragraph 66 of the complaint.

67. The defendants deny the allegations contained in paragraph 67 of the complaint.

68. The defendants deny the allegations contained in paragraph 68 of the complaint.

69. The defendants deny the allegations contained in paragraph 69 of the complaint.

## FIFTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

70. The defendants restate all previous answers and denials in response to the re-stated allegations contained in paragraph 70 of the complaint.

71. The defendants deny the allegations contained in paragraph 71 of the complaint.

72. The defendants deny the allegations contained in paragraph 72 of the complaint.

**SECOND DEFENSE**

73. The complaint fails to state a claim against defendants upon which relief may be granted.

**THIRD DEFENSE**

73. There has been an insufficiency of process and service of process with respect to some and/or all defendants.

**FOURTH DEFENSE**

74. The Court lacks subject matter jurisdiction over this controversy.

**FIFTH DEFENSE**

75. Venue is improper because these defendants lack sufficient minimum contacts with Ohio.

**SIXTH DEFENSE**

76. This Court lacks personal jurisdiction over these defendants.

**SEVENTH DEFENSE**

77. The plaintiffs failed to join proper and necessary parties as required by Federal Rules of Civil Procedure 19 and 19.1.

**EIGHTH DEFENSE**

78. The injuries, damages and resulting death of plaintiffs' decedent Lloyd Taylor resulted from his own acts of negligence and/or assumption of the risk or the acts of negligence and/or assumption of the risk of decedent's beneficiaries or unknown third parties.

**NINTH DEFENSE**

79. The complaint is time-barred under the applicable statute of limitations.

**JURY DEMAND**

Now come the defendants, Carle Foundation Hospital, Stephen H. Packard, M.D. and Robert Dodson, M.D. and demand a trial by jury as to all issues.

7

       S/Vaseem S. Hadi
Neil F. Freund (#0012183)
Trial Attorney
Vaseem S. Hadi (#0075617)
FREUND, FREEZE & ARNOLD, L.P.A.
1800 One Dayton Centre
1 South Main Street
Dayton, Ohio 45402-2017
(937) 222-2424 (937) 222-5369 (fax)
Vhadi@ffalaw.com

Of Counsel
Stephen L. Corn
Craig & Craig
1807 Broadway Avenue
P.O. Box 689
Mattoon, Illinois 61938-0689
(217) 234-6481 (217) 234-6486 (fax)
Mattoon@craiglaw.net

Trial attorneys for
Carle Foundation Hospital,
Steve Packard, M.D. and
Robert Dodson, M.D.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon James R. Greene, III & Assoc. Liberty Tower, Suite 900, 120 West Second Street, Dayton, Ohio 45402, via ordinary mail on this 12th day of August, 2004.

       S/Vaseem S. Hadi
Vaseem S. Hadi

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**