E-FILED
Monday, 28 March, 2005  12:11:08 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **WILLETTA E. TAYLOR, et. al.,** | : | CASE NO. 3:04CV0216 |
| Plaintiff, | : | (Judge Walter H. Rice) |
| v. | : | **DEFENDANTS' MOTION TO VACATE OCTOBER 7, 2004 PRETRIAL** |
| **CARLE FOUNDATION HOSPITAL, et. al.,** | : | **CONFERENCE AND CIVIL RULE 26(f) REPORT DUTIES OF** |
| | : | **DEFENDANTS CARLE FOUNDATION** |
| Defendants | | **HOSPITAL, STEPHEN H. PACKARD, M.D. AND ROBERT DODSON, M.D.** |

**MOTION**

     Now come the defendants, Carle Foundation Hospital, Stephen H. Packard, M.D. and Robert Dodson, M.D., by and through counsel and hereby move the Court to vacate the August 24, 2004 order scheduling a telephone pretrial conference on October 7, 2004 at 8:50 a.m. as well as the parties' duty to file a Civil Rule 26(f) Report, until the Court renders a decision upon the defendants' pending Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction; Alternative Motion to Transfer Venue to the United States District Court for the Central District of Illinois.

     The defendants move the Court to vacate the October 7 pre-trial conference because it is respectfully expected the Court will either dismiss the complaint or transfer venue to the U.S. District Court, Central District of Illinois. As such, any deadlines the Court and the parties would agree upon in the above-captioned lawsuit would be vacated immediately. Therefore, the defendants move the Court in good faith to vacate the October 7 pre-trial conference to save time, avoid needless expense.

     This Motion is more fully supported by the accompanying Memorandum.

                                                          Respectfully submitted,

                                                         S/Vaseem S. Hadi
                                                         Neil F. Freund (#0012183)
                                                         Trial Attorney
                                                         Vaseem S. Hadi (#0075617)

FREUND, FREEZE & ARNOLD, L.P.A.
1800 One Dayton Centre
1 South Main Street
Dayton, Ohio 45402-2017
(937) 222-2424 (937) 222-5369 (fax)
Vhadi@ffalaw.com

Of Counsel
Stephen L. Corn
Craig & Craig
1807 Broadway Avenue
P.O. Box 689
Mattoon, Illinois 61938-0689
(217) 234-6481 (217) 234-6486 (fax)
Mattoon@craiglaw.net


Trial attorneys for Carle
Foundation Hospital,
Steve Packard, M.D.,
and Robert Dodson, M.D.

## MEMORANDUM

On June 18, 2004, the plaintiffs filed a complaint, based upon federal diversity jurisdiction, against Illinois defendants, Carle Foundation Hospital, Stephen Packard, M.D. and Robert Dodson, M.D. which set forth five tort claims based upon Illinois State law. These tort claims relate to a June 22, 2003 car accident where plaintiff's decedent sustained fatal traffic injuries on Interstate 57 near Effingham, Illinois.  The car accident occurred as decedent traveled by car from Hammond, Indiana to Memphis, Tennessee. The complaint states that defendants Dr. Packard and Dr. Dodson provided emergency medical services to the decedent at defendant Carle Foundation Hospital in Illinois.

The defendants filed an answer denying all complaint allegations and raised affirmative defenses including improper venue and lack of personal jurisdiction. On August 11, 2004, the defendants filed a Joint Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction; Alternative Motion to Transfer Venue to the United States District Court for the Central District of Illinois. This motion was supported by the sworn affidavits of Carle Foundation Hospital Risk Manager, Letha S. Kramer, Dr. Packard and Dr. Dodson, which established these defendants lacked any minimum context with Ohio to fulfill personal jurisdiction and venue requirements.

The motion to dismiss/alternative motion to transfer venue has been fully briefed. The plaintiffs, however, failed to meet their

burden of providing sworn affidavits establishing that these defendants might have sufficient minimum contacts with Ohio to justify this Court's personal jurisdiction and venue. Instead, the plaintiffs requested that the Court consolidate this case with another vaguely referenced case involving completely different defendants. Defense counsel's search of this Court's docket failed to show that this vaguely referenced lawsuit exists. Moreover, the plaintiffs neglected to attach a complaint in the vaguely referenced lawsuit so the Court might ascertain whether consolidation is appropriate. Therefore, the defendants opposed consolidation and urged the Court to sustain the underlying motion to dismiss under these circumstances. It is noteworthy the plaintiffs agreed that transferring venue to the U.S. District Court, Central District of Illinois, would be an appropriate option if their motion to consolidate was overruled.

Under these circumstances, the Court should vacate its August 24, 2004 order, which scheduled a telephone pre-trial conference for October 7, 2004 at 8:50 a.m. Further, the Court should stay the parties' Civil Rule 26(f) duties to confer and file a report, which would contain agreed-upon procedural deadlines. It is expected that the Court will either dismiss this lawsuit for lack of personal jurisdiction and improper venue, or alternatively, transfer venue to the U.S. District Court, Central District of Illinois. Under either outcome, any procedural deadlines created in a Rule 26(f) conference, report and/or pre-trial conference with

the Court would be vacated immediately. Going forward with the October 7 pre-trial conference and Rule 26(f) conference, before the Court decides the underlying motion to dismiss, would squander the Court's time and result in needless expense. The defendants move the Court to vacate the October 7th pre-trial conference and stay the parties' Rule 26(f) duties in good faith and not for purposes of delay or prejudice.

## CONCLUSION

For the foregoing reasons, defendants Carle Foundation Hospital, Stephen H. Packard, M.D. and Robert Dodson, M.D. respectfully move the Court to vacate the August 24, 2004 order scheduling the October 7, 2004 telephone pre-trial conference at 8:50 a.m. and stay the parties' Civil Rule 26(f) duties to confer and file a report, until the Court decides the defendants' Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction; Alternative Motion to Transfer Venue to the United States District Court for the Central District of Illinois.

Respectfully submitted,

S/Vaseem S. Hadi
Neil F. Freund (#0012183)
Trial Attorney
Vaseem S. Hadi (#0075617)
FREUND, FREEZE & ARNOLD, L.P.A.
1800 One Dayton Centre
1 South Main Street
Dayton, Ohio 45402-2017
(937) 222-2424 (937) 222-5369 (fax)
Vhadi@ffalaw.com

5

```
                              Of Counsel
                              Stephen L. Corn
                              Craig & Craig
                              1807 Broadway Avenue
                              P.O. Box 689
                              Mattoon, Illinois 61938-0689
                              (217) 234-6481 (217) 234-6486 (fax)
                              Mattoon@craiglaw.net


                              Trial attorneys for Carle
                              Foundation Hospital,
                              Steve Packard, M.D.,
                              and Robert Dodson, M.D
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon **James R. Greene, III & Assoc.** Liberty Tower, Suite 900, 120 West Second Street, Dayton, Ohio 45402, via electronic mail on this 1st day of October, 2004.

                              S/Vaseem S. Hadi
                              Vaseem S. Hadi

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**