E-FILED
Wednesday, 06 July, 2005  02:18:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WILLETTA E. TAYLOR, Administratrix,<br>Individually and on behalf of<br>LLOYD E. TAYLOR, Deceased,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CARLE FOUNDATION HOSPITAL, STEVEN<br>H. PACKARD, M.D., ROBERT DODSON,<br>M.D. and JOHN and/or JANE DOES<br>MEDICAL PRACTITIONERS,<br><br>　　　　Defendants. | No. 05 CV-2078 |

**MOTION DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

　　Now come Defendants, CARLE FOUNDATION HOSPITAL, STEVEN H. PACKARD, M.D. and ROBERT DODSON, M.D., by their attorneys Stephen L. Corn and Sarah D. Moskowitz of Craig & Craig, and in support of their Motion to Dismiss states:

　　1.　Plaintiff fails to designate which claims for relief are alleged against each Defendant.

　　2.　Plaintiff also fails to list all parties in the caption, making it difficult to ascertain who all of the Defendants are as Plaintiff originally listed "John and/or Jane Does Medical Practitioners" with the address of Carle Foundation Hospital as Defendants.

　　3.　Illinois does not allow the listing of fictitious defendants in a Complaint pursuant to 735 ILCS 5/2-402.

4.  Plaintiff's Complaint fails to separately designate each separate cause of action upon which a separate recovery might be had in violation of 735 ILCS 5/2-603(b).

5.  Federal Rule Civil Procedure (FRCP) 10(b) states that "Each claim founded upon a separate transaction or occurrence...shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matter set forth."

6.  It is unclear which claims are being made against each Defendant because of the failure to separately designate Counts against specific Defendants.

7.  By failing to allege which Counts are directed against each Defendant and failing to restate all party Defendants in the Caption, Plaintiff failed to provide notice and which claims are stated against each Defendant and which claims would be stated only against other Defendants.

8.  FRCP 10(a) states that in the Complaint the title of the action shall include the names of all the parties.

## Deficiencies in First Claim for Relief - Violation and/or Breach of Physician - Patient Privilege

9.  Plaintiff's first claim of relief alleges a violation and/or breach of the physician-patient privilege and does not appear to state a cause of action for which relief could be granted to MS. TAYLOR.

10.  MR. TAYLOR was an adult at the time of his death, therefore, there does not seem to be any basis for recovery for his mother for any alleged violation and/or breach of physician-patient privilege.

11.  No case law could be located that even suggested that any right to recovery MR. TAYLOR may have had for any alleged breach of physician-patient privilege by advising "a close friend of MR. TAYLOR" (See Paragraph 49 of Plaintiff's First Amended Complaint for Money Damages with Jury Demand) of his general condition in the emergency room would be transferrable to either his estate or his mother.

12.  Clerical information, such as patient's name, address, age, and date of commitment and discharge, regarding patients brought to county hospital emergency room is, unlike clinical information, available to general public, and thus liability for release of such information cannot lie with anyone. 1977 Op.Atty.Gen. No. S-1294.

13.  MS. TAYLOR cannot stand in any better position than MR. TAYLOR in her claim for breach of his physician patient privilege, and the Attorney General's opinion suggests that MR TAYLOR would not be able to recover for release of such clerical information to his close friend.

**Deficiencies in Second Claim for Relief - Intentional and/or Negligent Infliction of Severe Emotional Distress**

14.     Plaintiff's second claim for relief alleges intentional and/or negligent infliction of emotional distress and does not separate them so as to plead these separate and distinct causes of action separately.

15.     Plaintiff alleges that "Defendants," without alleging which Defendants, engaged in "reckless conduct" without alleging facts showing reckless conduct on the part of any Defendants.

16.     Plaintiff alleges "Defendants," without alleging which Defendants, engaged in "reckless conduct" by not returning MR. TAYLOR'S leg for burial.  However, Plaintiff fails to allege she requested return of the amputated leg and the request was refused.

17.     Plaintiff also alleges that "Defendants' violation of the physician-patient privilege rises to the level of outrageous conduct" in Paragraph 57, when Plaintiff's own Complaint stated that MR. TAYLOR'S "close friend", Ms Goodwin, was the person advised of MR. TAYLOR'S condition in the emergency room.  Such a disclosure could not be described as "outrageous conduct" when the Complaint states at Paragraph 12 that Ms. Goodwin was MR. TAYLOR'S traveling companion and female friend and was present at the time of the roadside accident in which MR. TAYLOR was struck by a semi-truck according to Plaintiff's Paragraph 14.

18.   Plaintiff's allegations of MS. TAYLOR'S emotional distress over not being contacted by "Defendants" in Paragraph 54 fails to state which Defendants would have known she was MR. TAYLOR'S emergency contact person and fails to state whether she could have even been reached as her Complaint does not state anywhere that her contact information was available to the "Defendants."

19.   MS. TAYLOR relies on the emergency contact information listed on the insurance card to create a duty on the part of the Defendants to locate her, as the emergency contact person, and obtain permission for providing attempted life-saving procedures to MR. TAYLOR.  However, the emergency contact assignment does not create a duty to contact MS. TAYLOR in the case of an emergency where there is not time to locate the emergency contact person as the emergency is too great.  Nor does the insurance card naming MS TAYLOR as an emergency contact act as a power of attorney vesting sole authority to act and make emergency medical decisions in her nor does it give her the right to bring a cause of action on behalf of MR. TAYLOR.

### Deficiencies in Third & Fourth Claims for Relief - Lack of Informed Consent & Assault/Battery

20.   In a footnote to the "Now comes" paragraph the Plaintiffs state "We are not asserting medical malpractice as defined by Illinois law.  Rather, the torts are as specified herein."  Their statement that it is not a medical negligence

5

claim does not make it so; rather the type of claim they make create a medical negligence claim.

21. Plaintiffs third claim for relief alleges lack of informed consent, but fails to attach a certificate of merit as required by 725ILCS5/2-622(d) which states:

> "When the attorney intends to rely on the doctrine of failure to inform of the consequences of the procedure, the attorney shall certify upon the filing of the Complaint that the reviewing health professional has, after reviewing the medical record and other relevant materials involved in the particular action, concluded that a reasonable health professional would have informed the patient of the consequences of the procedure."

22. Furthermore, the fourth claim for relief asserts allegations for "Assault/Battery" which would also require the filing of a reviewing health professional certificate of merit pursuant to 735 ILCS 5/2-622(d) as it alleged that the amputation of the deceased's leg was performed without first obtaining and/or verifying his informed consent or that of his emergency contact.

23. The claim does not make the proper allegations of battery in that there is no allegations of "(1) total lack of consent to the procedure performed; (2) the treatment was contrary to the patient's will or (3) the treatment was at a substantial variance with the consent granted". See Lane v. Anderson, 345 Ill.App.3d 256 (3rd Dist., 2004).

6

24.  Plaintiff also failed to allege the elements of a claim for lack of informed consent or medical assault/battery, which include: (1)Consent was not given for the surgery; (2) that the doctor or doctors did not inform the patient of the benefits and material risks of the surgery; and (3) that a reasonable person would not have undergone the surgery had he or she been so informed.

25.  Informed consent is not required in an emergency situation because consent to a serious emergency operation may be implied.  Wright v. Johns Hopkins Health Systems Corp., 728 A.2d 778 (R.I. 1993); Jackovach v. Yocom, 237 N.W. 444 (1931); Anderson v. St. Francis-St. George Hosp., 614 N.E.2d 841 (1st Dist. 1992).  If it would be impracticable to confer with the patient or his family, then the doctor may dispense with informed consent under the emergency exception.  Miller v. Rhode Island Hosp., 625 A.2d 778 (R.I. 1993).  If there is actual consent to treatment in some form, and in the course of that treatment the physician or surgeon is faced with unanticipated emergency conditions that threaten the patient's life or health, consent to whatever treatment is necessary for the emergency conditions is implied.  Pratt v. Davis, 224 Ill. 300 (1906); Hundley v. St. Francis Hosp., 327 P.2d 131 (1st Dist. 1958); Chambers v Nottebaum, 96 So.2d 716 (3d Dist. 1957); Douget v. Touro

Infirmary, 537 So.2d 251 (4th Cir. 1988); and Browning v. Hoffman, 111 S.E. 492 (1922).

### Deficiencies in Fifth Claim for Relief - Loss of Consortium

26.  Plaintiff's fifth claim for relief incorporates all claims previously alleged and alleges a duty to MS. TAYLOR when there is no duty owed to her in paragraph 71 and asks for relief for her own emotional injuries.

27.  Plaintiff's fifth claim for relief alleges loss of consortium, but failed to allege in what capacity MS. TAYLOR claims a loss of consortium.

28.  MR. TAYLOR was an adult at the time of his death; therefore, MS. TAYLOR individually does not have standing to claim loss of consortium as an ascendant of MR. TAYLOR.

29.  If MS. TAYLOR wishes to make a claim for loss of society based on the Wrongful Death Act, then she must so state her allegations and she may not ask for relief for her own pain and suffering, but only that of MR. TAYLOR and only on behalf of his estate.

WHEREFORE, Defendants move for dismissal with prejudice of Plaintiff's First Amended Complaint for Money Damages with Jury Demand and pray further that an order so providing be entered instructing these Defendants to go hence without day and recover their costs herein and have judgment against Plaintiff and

8

provide further that Plaintiff shall take nothing by her suit against these Defendants.

        CARLE FOUNDATION HOSPITAL, STEVEN H.
        PACKARD, M.D., ROBERT DODSON, M.D. and
        JOHN and/or JANE DOES MEDICAL
        PRACTITIONERS, Defendants


By   s/Stephen L. Corn
      Stephen L. Corn #1228253

    And


   s/ Sarah D. Moskowitz
    Sarah D. Moskowitz #6278085
    Of Craig & Craig
    1807 Broadway Avenue
    PO Box 689
    Mattoon, Illinois 61938
    Telephone: (217)234-6481
    Fax: (217)234-6486
    E-mail: slc@craiglaw.net

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of July, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Mr. James R. Greene, III
    Ms. Valerie Colbert
    James R. Greene, III & Associates
    120 West Second Street
    Suite 900
    Dayton, Ohio 45402-1604

                                      s/Stephen L. Corn
                                      Stephen L. Corn #1228253
                                      Attorneys for Said Defendants
                                      Of Craig & Craig
                                      1807 Broadway Avenue
                                      PO Box 689
                                      Mattoon, Illinois 61938
                                      Telephone: (217)234-6481
                                      E-mail: slc@craiglaw.net