E-FILED
Wednesday, 06 July, 2005 02:24:02 PM
Clerk, U.S. District Court, ILCD

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF ILLINOIS
                        URBANA DIVISION


WILLETTA E. TAYLOR, Administratrix,)
Individually and on behalf of      )
LLOYD E. TAYLOR, Deceased,         )
                                   )
             Plaintiff,            )
                                   )
         vs.                       )   No. 05 CV-2078
                                   )
CARLE FOUNDATION HOSPITAL, STEVEN  )
H. PACKARD, M.D., ROBERT DODSON,   )
M.D. and JOHN and/or JANE DOES     )
MEDICAL PRACTITIONERS,             )
                                   )
             Defendants.           )
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANTS
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now come Defendants, CARLE FOUNDATION HOSPITAL, STEVEN H. PACKARD, M.D. and ROBERT DODSON, M.D., by their attorneys Stephen L. Corn and Sarah D. Moskowitz of Craig & Craig, and in support of their Motion to Dismiss, states:

*May It Please the Court:*

### INTRODUCTION

Plaintiff filed her Amended Complaint on June 20, 2005, alleging claims for relief against the Defendants based on several theories for relief. The theories for relief include allegations of Violation and/or Breach of Physician-Patient Privilege, Intentional and/or Negligent Infliction of Severe Emotional Distress, Lack of Informed Consent, Assault/Battery, and Loss of Consortium.  These claims for relief are made by WILLETTA E.

TAYLOR, Administratrix, Individually and on behalf of LLOYD E. TAYLOR, Deceased.

## **ARGUMENT**

### A. General Arguments Against All Claims for Relief for Deficiencies in Pleading Practices

Plaintiff failed to designate which claims for relief are alleged against each Defendant. There are at least three named Defendants, and fictitious Defendants listed as "John and/or Jane Does Medical Practitioners" with the address of Carle Foundation Hospital for those Defendants. Illinois Law does not allow listing of fictitious Defendants in a Complaint pursuant to 735 ILCS 5/2-402. Bogseth v. Emanuel, 166 Ill.2d 507, 508 (1995). The Illinois Supreme Court stated that "Section 2-402 is unambiguous: it requires a Plaintiff to name a real person or entity as a Defendant." Id. The Court went on to hold "Illinois Courts have historically and uniformly held that suites brought against fictitious parties are void *ab initio*." Id. See also Ohio Millers Mutual Ins. Co. v. Inter-Insurance Exchange of the Illinois Automobile Club, 367 Ill. 44, 54 (1937) (A preceding by or against a party by a mere fictitious name will be a nullity").

FRCP 10(a) requires the name of all parties to be listed in the caption and the listing of fictitious parties would violate this pleading requirement. Dotson v. Bravo, 321 F.3d 663 (c.a.7 2003). It is impossible to tell whether Plaintiff's First Amended Complaint continues to name "John and/or Jane Does" as the caption

does not list the parties beyond "CARLE FOUNDATION HOSPITAL." FRCP 10(a) requires that the caption list the names of the parties, and an Amended Complaint must also include the names of the parties which add additional parties. Hamilton v. Covington, 445 F.Supp. 195 (W.D.Ark. 1978). Therefore, it would seem that if Plaintiff is changing any of the Defendants in the First Amended Complaint, then the caption should state all the Defendants to which the First Amended Complaint would be applicable.

Plaintiff's Complaint fails to separately designate each separate cause of action upon which a separate recovery might be had in violation of 735 ILCS 5/2-603(b). This appears to correspond in federal law to FRCP 10(b) which states that "Each claim founded upon a separate transaction or occurrence...shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matter set forth." It is unclear which claims are being made against each Defendant because of the failure to separately designate counts which are directed to each specific Defendants. By failing to allege which counts are alleged against which Defendants and by failing to restate all the Defendants in the caption, Plaintiff fails to provide Notice as to these Defendants to know which claims are stated against them and which claims are not. The Court has found that FRCP 10(b) may also require separate statements where there are multiple Defendants and their potential liability is several. Plummer v. Chicago

3

Journeyman Plumbers' Local, 452 F.Supp. 127, 144 (D.C.Ill. 1978). The same Court also noted that separate statements may be required also where multiple Plaintiffs join more than one cause of action against the same Defendants and the overriding consideration would be whether separate statements by counts would facilitate the clear presentation of the matter set forth. Id.

In the case at bar, MS. TAYLOR appears to make claims for relief on the part of herself individually and separately as the Administrix of her deceased son's estate. Because the claims for relief seem to be intermingled between her own private claims and those she claims on behalf of her son, it makes it extremely difficult to know who exactly is praying for the relief and against whom. Federal Courts retain inherent power to order compliance with the Federal Rule requiring each claim founded upon separate transaction or occurrence to be stated in separate counts, although the rule does not specify appropriate remedy for violation of its provisions. Three D Departments, Inc., v. K. Mart Corp., 670 F.Supp. 1404, 1409 (N.D.Ill. 1987).

**B. Deficiencies in First Claim for Relief -
Violation and/or Breach of Physician - Patient Privilege**

Plaintiff's first claim for relief alleges a violation and/or breach of the physician-patient privilege but does not appear to state a cause of action for which relief could be granted to MS. TAYLOR. MR. TAYLOR was an adult at the time of his death; therefore, there does not seem to be any basis for recovery for his

4

mother for any alleged violation and/or breach of physician-patient privilege.

No case law could be located that allowed a right to recovery MR. TAYLOR may have had for any alleged breach of physician-patient privilege by advising "a close friend of MR. TAYLOR" (See Paragraph 49 of Plaintiff's First Amended Complaint for Money Damages with Jury Demand) of his general condition in the emergency room would be transferred to either his estate or his mother individually. Although there was absolutely no case law on point for transferring an adult's alleged claim for violation and/or breach of Physician-Patient privilege to his mother, it has been held that a wrongful cremation of a wife's deceased husband's remains were insufficient to establish she was bystander within zone of physical damage to allow her to recover. Leonard v. Kurtz, 234 Ill.App.3d 553 (3d Dist. 1992). If there is no injury, then there is no tort. McKnight v. Dean, 170 F.3d 513 (7th Cir. 2001).

Clerical information, such as patient's name, address, age, and date of commitment and discharge, regarding patients brought to county hospital emergency room is, unlike clinical information, available to general public, and thus liability for release of such information cannot lie with anyone. 1977 Op.Atty.Gen. No. S-1294. MS. TAYLOR cannot stand in any better position than MR. TAYLOR in her claim for breach of his physician patient privilege, and the Attorney General's opinion suggests that MR TAYLOR would not be

able to recover for release of such clerical information to his close friend. The hospital did not seek to obtain permission for life-saving procedures from Ms. Goodwin, rather when she presented herself as a close friend of MR TAYLOR'S and it was known that she was at the scene of the accident with him, she was simply advised of his current condition in general terms.

**C. Deficiencies in Second Claim for Relief - Intentional and/or Negligent Infliction of Severe Emotional Distress**

Plaintiff's second claim for relief alleges intentional and/or negligent infliction of emotional distress and does not separate them so as to plead these separate and distinct causes of action separately. Plaintiff also alleged that "Defendants," without alleging which Defendants, engaged in "reckless conduct" without alleging facts showing reckless conduct on the part of any Defendants. Plaintiff also alleges "Defendants," without alleging which Defendants, engaged in "reckless conduct" by not returning MR. TAYLOR'S leg for burial. It is not clear which Defendants this particular claim is against. Furthermore, MS. TAYLOR fails to allege she requested return of the amputated leg and her request was denied.

Plaintiffs also alleges that "Defendants' violation of the physician-patient privilege raises to the level of outrageous conduct" in Paragraph 57, when Plaintiff's own Complaint states that MR. TAYLOR'S "close friend", Ms Goodwin, was the person advised of MR. TAYLOR'S condition in the emergency room. (See

6

Plaintiff's First Amended Complaint paragraph 49.)  Such a disclosure could not be described as "outrageous conduct" when the Complaint states at Paragraph 12 that Ms. Goodwin was MR. TAYLOR'S traveling companion and female friend and was present at the time of the roadside accident in which MR. TAYLOR was struck by a semi-truck according to Plaintiff's Paragraph 14 and again describes her as a "close friend" of MR. TAYLOR at paragraph 49.

Plaintiff's allegations of MS. TAYLOR'S emotional distress over not being contacted by "Defendants" in Paragraph 54 fails to state which Defendants would have known that she was MR. TAYLOR'S emergency contact person and fails to state whether she could have even been reached as her Complaint does not state anywhere that her contact information was available to the "Defendants."

MS. TAYLOR relies on the emergency contact information listed on the insurance card to create a duty on the part of the Defendants to locate her, as the emergency contact person, and obtain permission for providing attempted life-saving procedures to MR. TAYLOR.  However, the emergency contact assignment does not create a duty to contact MS. TAYLOR in the case of an emergency where there is not time to locate the emergency contact person as the emergency is too great.  Nor does the insurance card naming MS TAYLOR as an emergency contact act as a power of attorney vesting sole authority to act and make emergency medical decisions in her

7

nor does it give her the right to bring a cause of action on behalf of MR. TAYLOR.

### D. Deficiencies in Third & Fourth Claims for Relief - Lack of Informed Consent & Assault/Battery

In a footnote to the "Now comes" paragraph the Plaintiff states "We are not asserting medical malpractice as defined by Illinois law. Rather, the torts are as specified herein."

The fact that counsel for the Plaintiff or the Plaintiff herself suggests this is not a medical malpractice matter as defined by Illinois law does not make it so. The claims which are being presented are clearly within the applicable statutes (735 ILCS 5/6-22) and therefore the Plaintiff must, in prosecuting defense claims, comply with the statutes and provide the necessary allegations and Certificate and Reviewing Healthcare Professional Report. The Plaintiff has failed to do so.

Plaintiff's third claim for relief alleged lack of informed consent, but fails to attach a certificate of merit as required by 735 ILCS 5/2-622(d) which states:

> "When the attorney intends to rely on the doctrine of failure to inform of the consequences of the procedure, the attorney shall certify upon the filing of the Complaint that the reviewing health professional has, after reviewing the medical record and other relevant materials involved in the particular action, concluded that a reasonable health professional would have informed the patient of the consequences of the procedure."

Furthermore, the fourth claim for relief asserted allegations

for "Assault/Battery" which would also require the filing of a reviewing health professional certificate of merit pursuant to 735 ILCS 5/2-622(d) as it alleged that the amputation of the deceased's leg was performed without first obtaining and/or verifying his informed consent or that of his emergency contact.

The claim does not make the proper allegations of battery in that there is no allegations of "(1) total lack of consent to the procedure performed; (2) the treatment was contrary to the patient's will or (3) the treatment was at a substantial variance with the consent granted". See Lane v. Anderson, 345 Ill.App.3d 256 (3rd Dist., 2004).

Furthermore, the Plaintiff failed to set out the elements required to state a cause of action for lack of informed consent and/or medical assault/battery.  Plaintiff simply alleged that "Defendants failed to obtain an informed consent from MR. TAYLOR prior to performing the immediate amputation of his right leg." (See Plaintiff's First Amended Complaint Paragraph 64). Plaintiff needed to state all three elements of lack of informed consent, namely that (1) consent was not given for the surgery, (2) that the Plaintiff or deceased was not informed of the benefits and material risks related to the surgery, and (3) that a reasonable person would not have undergone the surgery had he or she been so advised. Ruperd v. Ryan, 291 Ill.App.3d 22, 27 (2d Dist. 1997); Green v.

Hussey, 127 Ill.App.2d 174,184-5 (1st Dist. 1970) and Ramos v. Payati, 179 Ill.App.3d 214, 222 (1st Dist. 1989).

Informed consent is not required in an emergency situation because consent to a serious emergency operation may be implied. Wright v. Johns Hopkins Health Systems Corp., 728 A.2d 778 (R.I. 1993); Jackovach v. Yocom, 237 N.W. 444 (1931); Anderson v. St. Francis-St. George Hosp., 614 N.E.2d 841 (1st Dist. 1992). If it would be impracticable to confer with the patient or his family, then the doctor may dispense with informed consent under the emergency exception. Miller v. Rhode Island Hosp., 625 A.2d 778 (R.I. 1993). If there is actual consent to treatment in some form, and in the course of that treatment the physician or surgeon is faced with unanticipated emergency conditions that threaten the patient's life or health, consent to whatever treatment is necessary for the emergency conditions is implied. Pratt v. Davis, 224 Ill. 300 (1906); Hundley v. St. Francis Hosp., 327 P.2d 131 (1st Dist. 1958); Chambers v Nottebaum, 96 So.2d 716 (3d Dist. 1957); Douget v. Touro Infirmary, 537 So.2d 251 (4th Cir. 1988); and Browning v. Hoffman, 111 S.E. 492 (1922). MR. TAYLOR initially consented to medical treatment at the scene of the accident, and once having consented to emergency treatment, his consent would be implied once he reached a state of unconsciousness and not longer could give consent.

### E. Deficiencies in Fifth Claim for Relief - Loss of Consortium

Plaintiff's fifth claim for relief incorporates all claims previously alleged and alleges a duty to MS. TAYLOR when there is no duty owed to her in paragraph 71 and asks for relief for her own emotional injuries. Plaintiff's fifth claim for relief also alleges loss of consortium, but fails to allege in what capacity MS. TAYLOR claims a loss of consortium. MR. TAYLOR was an adult at the time of his death, therefore, MS. TAYLOR individually does not have standing to claim loss of consortium as an ascendant of MR. TAYLOR. If MS. TAYLOR wishes to make a claim for loss of society based on the Wrongful Death Act, then she must so state her allegations and she may not ask for relief for her own pain and suffering, but only that of MR. TAYLOR and only on behalf of his estate.

### **CONCLUSION**

Defendants move for dismissal with prejudice of Plaintiff's First Amended Complaint for Money Damages with Jury Demand and pray further that an order so providing be entered instructing these Defendants to go hence without day and recover their costs herein and have judgment against Plaintiff and provide further that Plaintiff shall take nothing by her suit against these Defendants.

CARLE FOUNDATION HOSPITAL, STEVEN H.
PACKARD, M.D., ROBERT DODSON, M.D. and
JOHN and/or JANE DOES MEDICAL
PRACTITIONERS, Defendants


By      s/Stephen L. Corn
            Stephen L. Corn #1228253

        And


        s/ Sarah D. Moskowitz
            Sarah D. Moskowitz #6278085
            Of Craig & Craig
            1807 Broadway Avenue
            PO Box 689
            Mattoon, Illinois 61938
            Telephone: (217)234-6481
            Fax: (217)234-6486
            E-mail: slc@craiglaw.net

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of July, 2005, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Mr. James R. Greene, III
    Ms. Valerie Colbert
    James R. Greene, III & Associates
    120 West Second Street
    Suite 900
    Dayton, Ohio 45402-1604

                                      s/Stephen L. Corn
                                      Stephen L. Corn #1228253
                                      Attorneys for Said Defendants
                                      Of Craig & Craig
                                      1807 Broadway Avenue
                                      PO Box 689
                                      Mattoon, Illinois 61938
                                      Telephone: (217)234-6481
                                      E-mail: slc@craiglaw.net