E-FILED
Wednesday, 20 July, 2005  08:54:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **Willetta E. Taylor, etc.** | : | |
| Plaintiff, | : | Case No.     05 CV 2078 |
| -vs- | : | Plaintiff's Memorandum in Opposition to Motion by Defendants to Dismiss |
| | : | Plaintiff's First Amended Complaint |
| **Carle Foundation Hospital, et al.** | : | |
| Defendants. | | |

_____

Now Comes Plaintiff Willetta E. Taylor, individually and on behalf of the deceased Lloyd Taylor and by and through counsel James R. Greene, III & Associates, and submits Plaintiff's Memorandum in Opposition to Motion by Defendants to Dismiss Plaintiff's First Amended Complaint.  A Memorandum in Support follows.

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

On June 20, 2005, Ms. Taylor filed a First Amended Complaint as the mother and administratrix of the estate of Lloyd E. Taylor.  On July 6, 2005, Defendants moved to dismiss Ms. Taylor's First Amended Complaint citing various alleged deficiencies in the pleading.  Ms. Taylor disagrees that dismissal is warranted on any of the claims asserted in the First Amended Complaint for the reasons specifically addressed below.

**II.     MOTION TO DISMISS STANDARD**

In determining whether to grant a motion to dismiss, a court must accept as true the well-pleaded allegations of fact contained in the complaint and construe all reasonable inferences therefrom in favor of the plaintiff.  See *Abbasi v. Paraskevoulakos*, 187 Ill. 2d

386, 388 (1999). The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Jarvis v. South Oak Dodge, Inc.*, 201 Ill. 2d 81, 86 (2002). This Court must examine whether the allegations of the First Amended Complaint, when viewed in the light most favorable to Ms. Taylor, are sufficient to state a cause of action upon which relief can be granted. *Id.* at 391. A cause of action will not be dismissed on the pleadings unless it clearly appears that there is no set of facts that can be proved that will entitle the plaintiff to recover. *Id.*

### III.   LAW AND ARGUMENT

####    A.   Alleged Deficiencies in all Claims for Relief

Defendants contend that all of the claims for relief asserted in the First Amended Complaint have been deficiently pled. Specifically, Defendants assert that, by listing fictitious defendants in the caption as "John and/or Jane Does Medical Practitioners," Ms. Taylor has failed to designate which claims for relief are alleged against each Defendant. Citing 735 ILCS 5/2-402, Defendants maintain that Illinois law does not allow listing of fictitious defendants in a complaint. In support of their position that the listing of fictitious parties in the case caption violates the pleading requirements of Federal Rule of Civil Procedure 10(a), Defendants rely upon the Seventh Circuit's holding in *Dotson v. Bravo*, 321 F.3d 663 (c.a. 7 2003). Upon examination, however, the ruling in *Dotson* can easily be distinguished from the case before this Court. See *Dotson* supra. The *Dotson* case involved a plaintiff who engaged in fraudulent conduct by filing a civil rights claim under a *false* name. See *Dotson* supra. No such egregious conduct has occurred here.

By listing "John and/or Jane Does Medical Practitioners" in the case caption, Ms. Taylor, per F.R.C.P. 8(a), is putting Defendants and this Court on notice that there may be other health care professionals at Carle Foundation Hospital who are potentially liable in this action to Ms. Taylor and/or to decedent Lloyd Taylor's estate. The "John and/or Jane

Does Medical Practitioners" listed in the case caption, who are unknown to Ms. Taylor at this time, are essentially respondents in discovery. Section 5/2-402 of the Code of Civil Procedure provides, in pertinent part:

> The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should be properly named as additional defendants in the action.
>
> Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action. 735 ILCS 5/2-402.

This is the very same section of the Illinois Code of Civil Procedure cited and misapplied by Defendants in support of their position that Illinois law does not allow listing of fictitious defendants in a complaint. (See generally "Bivens" type action [citation omitted] and 6 unknown agents.)

Section 2-402 acknowledges that there may be times when a plaintiff does not have access to information that will help determine who is responsible for her damage. 735 ILCS 5/2-402. This statute allows a plaintiff to name an individual who has information concerning the damage as a respondent in discovery. Conversion of a respondent in discovery to a defendant requires a showing of probable cause.

Probable cause under section 2-402 is established where a person of ordinary caution and prudence entertains an honest and strong suspicion that the purported negligence of the respondent in discovery was a proximate cause of the plaintiff's injury. *Medjesky v. Cole*, 276 Ill. App. 3d 1061, 1064 (1995). Ms. Taylor cannot make such a showing until she has engaged in discovery. See 735 ILCS 5/2-402. Even then, however, the evidence need not rise to the level of a high degree of likelihood of success on the merits or the evidence necessary to defeat a motion for summary judgment in favor of the respondents in discovery. See *Williams v. Medenica*, 275 Ill. App. 3d 269, 272 (1995). Likewise, Ms. Taylor is not required to establish a prima facie case against the respondents

in discovery. *Id.*

Defendants may cite to the 1995 legislative amendment to 735 ILCS 5/2-402 wherein the legislature added language to the statute stating that "[f]ictitious defendants may not be named in a complaint in order to designate respondents in discovery." However, such a citation would be inapplicable to the case herein. By listing "John and/or Jane Does Medical Practitioners" in the case caption, Ms. Taylor is not thereby naming fictitious defendants. By definition, "fictitious" implies that something or someone is unreal. "John and/or Jane Does Medical Practitioners" signifies that someone is real, but unknown. This is an important distinction that cannot be ignored.

Defendants further assert that it is impossible to tell whether the First Amended Complaint continues to name "John and/or Jane Does" as the caption does list the parties beyond Carle Foundation Hospital. Defendants' attempt to assert ignorance here is without merit. Clearly, upon filing the First Amended Complaint, Ms. Taylor has not added or removed from this action any of the previously named Defendants. First, the caption lists Defendants as Carle Foundation Hospital, "*et al.*," which indicates "and others" to show that there is more than one defendant.

Moreover, paragraphs 8, 9, 10 and 11 of the First Amended Complaint expressly identify all of the Defendants in this action, leaving no question as to who is being sued in this case. In addition, in the notice of electronic filing for the First Amended Complaint (Doc. #23), Ms. Taylor has reasserted her claims against all of the previously named Defendants. Even assuming, for argument's sake, that the First Amended Complaint does not provide sufficient notice to Defendants as to whom is being sued herein, such a matter is a deficiency that can be easily cured, and does not require dismissal of the claims. Accordingly, F.R.C.P. 15(a) would then apply.

Next, Defendants contend that, in violation of 735 ILCS 5/2-603(b), the First Amended Complaint fails to separately designate each separate cause of action upon which a separate recovery might be had. By purportedly failing to allege which counts are

4

alleged against which Defendants and by failing to restate all the Defendants in the caption, Defendants maintain that Ms. Taylor fails to provide notice as to these Defendants to know which claims are stated against them and which claims are not. In addition, Defendants assert that it is difficult to know who exactly is praying for relief and against whom since the claims for relief seem to be intermingled between Ms. Taylor's own private claims and those she claims on behalf of her son. Ms. Taylor refutes these assertions.

With regard to this particular argument, Defendants have cited to no authority requiring dismissal of causes of action for purported failure to state which claims are being made against which defendant. The authority Defendants rely upon [735 ILCS 5/2-603(b) and F.R.C.P. 10(b)] state in general terms that the various causes of action asserted by the plaintiff must be set forth in separate counts, which Ms. Taylor has done. Neither of these authorities specify that the plaintiff must separately designate which counts are being alleged against which defendants. That being said, Ms. Taylor is asserting each of the claims against each of the named Defendants; a reasonable construction herein. Likewise, Ms. Taylor is seeking damages both individually and on behalf of decedent Lloyd Taylor's estate on each of the asserted claims in the First Amended Complaint. Nonetheless, to the extent that any pleading deficiencies exist, they do not require dismissal and instead can be easily cured.

    **B.    Alleged Deficiencies in First Claim for Relief for Violation and/or Breach of Physician-Patient Privilege**

With regard to the first claim for relief for violation and/or breach of the physician-patient privilege, Defendants contend that they could not locate any case law that allowed Ms. Taylor a right of recovery, either individually or on behalf of the decedent's estate. This is so with regard to any alleged breach of the physician-patient privilege decedent Lloyd Taylor may have had resulting from Defendants advising a non-family or unrelated person, i.e. Chrashona Goodwin, of decedent Taylor's general condition in the emergency room. Defendants admit that there is no case law on point for transferring an adult's alleged claim

5

for violation and/or breach of the physician-patient privilege to his mother.

Defendants further maintain that the information they released to Ms. Goodwin was no more than clerical information. Further, Defendants assert that they did not seek to obtain permission for life-saving procedures from Ms. Goodwin, but were simply advising her of the decedent's current condition in general terms. These assertions, however, are inconsistent and must be disregarded because of the factual allegations set forth in the First Amended Complaint and reiterated in the Affidavit of Willetta E. Taylor attached hereto.

    **C.**    **Alleged Deficiencies in Second Claim for Relief for Intentional and/or Negligent Infliction of Severe Emotional Distress**

Defendants next appear to assert various purported deficiencies in the manner in which Ms. Taylor has pled her second claim for relief for intentional and/or negligent infliction of severe emotional distress. With regard to these alleged pleading deficiencies, Ms. Taylor reiterates the arguments set forth above in Part A.

Contrary to Defendants' assertions, Ms. Taylor has presented sufficient factual allegations to state a cause of action for intentional infliction of emotional distress. Liability for intentional infliction of emotional distress exists when defendant's conduct is so outrageous in character and extreme in degree as to go beyond all possible bounds of decency. *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 90 (1976). Whether conduct is extreme and outrageous is judged on an objective standard based on all of the facts and circumstances of a particular case. *Doe v. Calumet City,* 161 Ill. 2d 374, 392 (1994).

In order to state a cause of action for this tort, a party must allege facts to establish that (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct in fact caused severe emotional distress. *Id*. Ms. Taylor alleges that 1) Defendants' extreme and outrageous conduct consisted of their failure to contact Ms.

Taylor when decedent Taylor, her only child, was admitted to Carle despite their knowledge and/or awareness that Ms. Taylor was the emergency contact person.  2) Defendants failure to return decedent Taylor's amputated leg to Ms. Taylor for his funeral and burial.  And 3) Defendants' violation of the physician-patient privilege.

     Defendants should have been aware that, as the decedent's mother, Ms. Taylor would be particularly susceptible to the emotional distress resulting from not being contacted or informed of her son's serious medical condition.  Defendants could have very easily done so based on the insurance card decedent Taylor had in his possession containing emergency contact information allowing Defendants access to Ms. Taylor's identity (see back and front of card on Exhibit 1 to Ms. Taylor's attached Affidavit).  Likewise, Defendants breached the physician-patient privilege owed to decedent Taylor by keeping Ms. Goodwin, an unauthorized person, apprised of his condition.

     It is also reasonable to regard as extreme and outrageous Defendants' conduct in improperly disposing of Ms. Taylor's son's amputated right leg, without any explanation, instead of sending it to Ms. Taylor along with his other remaining body parts.  Defendants, at a minimum, were aware or should have been aware that Ms. Goodwin was not the primary or emergency contact person for decedent Taylor.  Defendants should surely have understood and appreciated that, as decedent Taylor's next of kin, Ms. Taylor would be particularly susceptible to emotional distress.  A hospital's unauthorized disposal of body parts may reasonably be regarded as conduct so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.  This is especially so when, as here, Defendants know that there are next of kin who are potentially unaware of the death and perhaps would have objections to such disposal.

     Defendants' failure to contact Ms. Taylor combined with the breach of the physician-patient privilege and failure to return to Ms. Taylor decedent's amputated leg show a blatant disregard for the duties they owed to both decedent Taylor and to Ms. Taylor.

The second element required to state a claim for the intentional infliction of emotional distress is that Defendants either intended that his or her conduct should inflict severe emotional distress or that Defendants knew there was a high probability that his or her conduct would cause severe emotional distress. *Doe*, 161 Ill. 2d at 392. This element has been sufficiently pled in the First Amended Complaint. The Complaint's allegations as to Defendants demonstrate their knowledge that there was a high probability that their conduct, as described above, would cause Ms. Taylor severe emotional distress.

The third element that must be established is that Defendants' conduct caused the plaintiff's severe emotional distress. *Public Finance Corp.*, 66 Ill. 2d at 90. The emotional distress suffered by the plaintiff must be such that no reasonable person could be expected to endure it. *Id*. Ms. Taylor, as decedent's next of kin (mother), had the right and duty to make final disposition determinations. Defendants interfered with the right of Ms. Taylor, as decedent's next of kin, to possess and preserve the body of decedent Taylor, Ms. Taylor's only child. Next of kin have a right to the possession of a decedent's remains in order to make appropriate disposition thereof. *Leno v. St. Joseph Hospital*, 55 Ill. 2d 114, 117 (1973). In Illinois, this right has been construed to give the next of kin the right to determine the time, manner, and place of burial. *In re Estate of Medlen*, 286 Ill. App. 3d 860, 864 (1997).

By failing to return decedent's Taylor's amputated leg to Ms. Taylor, Defendants have deprived Ms. Taylor of the opportunity to fully grieve her son's death by choosing the final resting place for all of decedent Taylor's body. Likewise, by failing to notify Ms. Taylor and instead keeping Ms. Goodwin informed of decedent Taylor's medical condition, Defendants' conduct in this case did cause Ms. Taylor severe emotional distress that she has yet to recover from. Ms. Taylor's emotional distress, when viewed in the light most favorable to her, is not fictitious, goes very far in explaining why no reasonable person could expect to endure the degree of emotional distress inflicted upon her by Defendants, and is sufficiently supported by the facts. It is hard to imagine anything worse than the

8

death of one's only child combined with no notification of such death. Accordingly, this Court should determine that all three elements of intentional infliction of emotional distress have been sufficiently pleaded by Ms. Taylor against Defendants; as this is the "notice" stage.

### D. Alleged Deficiencies in Third & Fourth Claims for Relief for Lack of Informed Consent & Assault/Battery

With regard to the third and fourth claims for relief for lack of informed consent and assault/battery, Defendants maintain that these claims are essentially medical malpractice claims that must comply with the statutory requirements set forth in 735 ILCS 5/2-622. Specifically, Defendants assert that Ms. Taylor has failed to attach a certificate of merit for claim for lack of informed consent and has failed to attach a reviewing health professional certificate of merit for the assault/battery claim. In addition, Defendants contend that Ms. Taylor does not make the proper allegations for a battery claim and has failed to set forth the elements required to state a cause of action for lack of informed consent and/or medical assault/battery. Finally, Defendants argue that informed consent is not required in an emergency situation, but is implied once a person reaches a state of unconsciousness and can no longer give consent. Defendants' arguments construe the facts in their favor as opposed to Plaintiff Willetta Taylor.

Section 2-622 of the Code of Civil Procedure is commonly known as the Healing Arts Malpractice Act. See 735 ILCS 5/2-622. This statute, however, does not apply to all civil actions. By its terms, it is applicable only to "action[s], whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-622(a). In actions based on "medical, hospital or other healing art malpractice," section 2-622 requires the plaintiff's

9

attorney or the plaintiff to file an affidavit, attached to the complaint, declaring that he has consulted with a health care professional who has determined, by written report, that "there is a reasonable and meritorious cause for filing of such action." 735 ILCS 5/2-622(a)(1). A copy of the written report, "clearly identifying the plaintiff and the reasons for the reviewing health professional's determination," must be attached to the affidavit. 735 ILCS 5/2-622(a)(1). Failure to comply <u>may</u> be grounds for dismissal under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619. Dismissal may be appropriate, however, if the plaintiff's cause of action is subject to the requirements of the Healing Arts Malpractice Act.

The issue presented before this Court is whether section 2-622 applies to the cause of action for lack of informed consent and whether it sounds in "medical, hospital or other healing art malpractice" within the meaning of that statute. Negligence alleged in a complaint will not constitute "healing art malpractice" within the meaning of 2-622 if the negligence did not arise from medical diagnosis or treatment. See *Owens v. Manor Health Care Corp.*, 159 Ill. App. 3d 684 (1987). Accordingly, the court concluded in that case that the plaintiff was not required to comply with section 2-622. *Id* at 689. Where the situation is not one where expert testimony (i.e. amputation without notification) from a health care professional is necessary in order to assess the defendant's actions, there is no possible basis for invoking the Healing Arts Malpractice Act. See *Owens* supra.

Ms. Taylor contends that section 2-622 does not apply to the third claim for relief for lack of informed consent because this cause of action <u>does not allege</u> medical malpractice requiring an expert[1]. Rather, Ms. Taylor asserts that the question raised by this claim for

relief is whether Defendants are liable for failing to obtain decedent Taylor's informed consent prior to performing the immediate amputation of his right leg. See paragraph 64 of the First Amended Complaint. In determining whether section 2-622 applies to the claim for lack of informed consent, the Court must decide whether, taking Ms. Taylor's allegations as true, the damages she seeks individually and on behalf of decedent Taylor's estate were caused by the Defendants' "malpractice." *Chadwick v. Al-Basha*, 295 Ill. App. 3d 75, 79 (1998).

> Malpractice is defined as:
>
> "'[p]rofessional misconduct or unreasonable lack of skill. *** Failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services or to those entitled to rely upon them.'"
> *Cohen v. Smith*, 269 Ill. App. 3d 1087, 1090 (1995) quoting Black's Law Dictionary 959 (6th ed. 1990).

It is the nature of Ms. Taylor's claim for lack of informed consent, rather than any defense Defendants may raise, that determines whether the claim sounds in malpractice. *Id* at 1093. Ms. Taylor in this case does not allege in the third claim for relief that Defendants "improperly exercised [their] professional skill" (Chadwick, 295 Ill. App. 3d at 81), but rather that their admission that Ms. Taylor was not notified (an unrelated person was i.e. Ms. Goodwin) disregards the common law requirements for obtaining decedent Taylor's informed consent before amputating his right leg. No expert is needed due to Defendants' admission. Accordingly, Ms. Taylor should not be required to comply with section 2-622.

With regard to Defendants' assertion that informed consent to a serious operation is not required in emergency situations and that decedent Taylor's consent was implied once he reached a state of unconsciousness, Ms. Taylor asserts that, if what Defendants say is

---

[1] But if determined otherwise by the Court, then this is curable as well.

true, that decedent could no longer give consent, then as health care providers Defendants were required to make a reasonable inquiry as the availability and authority of a health care agent under the Powers of Attorney for Health Care Law, which Defendants do not maintain they did.  See 755 ILCS 40/25.

Even assuming, for argument's sake, that the claim for lack of informed consent was subject to the requirements of 735 ILCS 5/2-622(a), a plaintiff's non-compliance with this section of the Code does not require the trial court to dismiss the claim with prejudice:

> "Requiring that section 2-622 dismissals be with prejudice would be a triumph of form over substance.  It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms." *McCastle v. Sheinkop*, 121 Ill. 2d 188, 193 (1987).

The determination of whether to dismiss an action without or without prejudice is within the sound discretion of the trial court. *Id* at 193.  Likewise, whether to grant leave to amend the pleadings to conform to the requirements of section 2-622(a) is within the sound discretion of the trial court[2]. *Id* at 194.

Defendants' assertion that the fourth claim for relief for assault/battery requires the filing of a reviewing health professional certificate of merit pursuant to 735 ILCS 5/2-622(d) is also without merit.  Under Illinois law, a claim for battery requires a lack of consent for a touching.  See *Bernesak v. Catholic Bishop of Chicago*, 87 Ill App. 3d 681, 688 (1980).  Ms. Taylor has properly pled a cause of action for assault and/or battery.  Ms. Taylor alleges in paragraph 67 of the fourth claim for relief that Defendants "put Lloyd Taylor in reasonable

---

[2] A plaintiff is not required to comply with section 2-622 as to respondents in discovery who have not yet been converted to defendants named in the complaint.

apprehension of an immediate battery and engaged in the harmful and offensive touching of Mr. Taylor's person when they amputated his lower right leg without first obtaining and/or verifying his informed consent or that of his emergency contact, Plaintiff Willetta Taylor."

### E. Alleged Deficiencies in the Fifth Claim for Relief for Loss of Consortium

Finally, Defendants contend that the fifth claim for relief for loss of consortium should be dismissed because decedent Taylor was an adult at the time of his death, and Ms. Taylor individually does not have standing to claim loss of consortium as an ascendant of Mr. Taylor. Defendants further assert that Ms. Taylor cannot seek relief based on her own pain and suffering, but only that of Mr. Taylor and only on behalf of his estate. However, as previously stated herein, Ms. Taylor brings all of the claims in the First Amended Complaint both individually <u>and</u> as the administratrix of decedent Taylor's estate[3].

### F. In the Alternative, Ms. Taylor Requests Leave of Court to Amend Her Complaint to Cure any Deficiencies that May Exist in the First Amended Complaint Presently Before This Court.

In conjunction with Ms. Taylor's response to Defendants' motion to dismiss, Ms. Taylor also seeks leave of this Court to file a second amended complaint to cure any purported deficiencies that may exist in the First Amended Complaint presently before this Court. Ms. Taylor's First Amended Complaint contains the factual bases for all of the claims asserted therein. Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Defendants will not be prejudiced in any way by the Court granting Ms. Taylor leave to file a second amended complaint because the parties herein are in the very early stages of litigation. In fact, neither party has conducted any discovery. Thus, Defendants cannot show that allowing such amendment would cause Defendants undue prejudice or that an amendment is being requested in bad faith or for a dilatory motive.

---

[3] To the extent that this Court finds the loss of consortium claim to be not well taken, Plaintiff requests leave to amend the complaint to make a claim for loss of society.

13

## IV. CONCLUSION

WHEREFORE, based on the foregoing, Ms. Taylor respectfully requests this Court deny Defendants' Motion to Dismiss. Or, in the alternative, grant leave to amend per F.R.C.P. 15(a).

Respectfully Submitted,

/s/ James R. Greene, III
James R. Greene, III     #0034267
Valerie L. Colbert     #0074075
James R. Greene, III & Associates
Liberty Tower, Suite 900
120 West Second Street
Dayton, Ohio 45402
(937) 225-3991
Email: JRGATLAW@aol.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing was filed and served upon Stephen L. Corn, counsel for Defendants, via the electronic filing system on this 20th day of July, 2005.

/s/ James R. Greene, III
James R. Greene, III & Associates